· In re ADAMS.

(District Court, D. Connecticut. January 12, 1905.)

No. 1,389.

1. BANKRUPTCY OF TENANT—LEASES—RIGHTS OF TRUSTEE.

Where, prior to the bankruptcy of a tenant, the landlord took no steps to regain possession of the premises for rent in arrear, on the appointment of the tenant's trustee, the latter was entitled to possession under the tenant's lease, as against lessees of the landlord subsequent to the adjudication.

2. SAME—TERMINATION OF LEASE—ELECTION.

The opening of a hole through the brick partition of certain leased premises, prior to the tenant's adjudication as a bankrupt, for no other purpose than to reach the only heat supply for water pipes connected with apartments occupied by other tenants, was insufficient to establish the landlord's election to terminate the bankrupt's lease for nonpayment of rent.

3. SAME—INJUNCTION—REFEREE—POWERS.

Where a trustee was entitled to possession of premises leased by the bankrupt as against lessees of the landlord subsequent to the bankruptcy adjudication, the referee had power to enjoin such subsequent lessees from interfering with the possession of the trustee or his assigns.

In Bankruptcy. On review of referee's order.

Slade, Slade & Slade, for petitioners.
C. S. Hamilton, for trustee.

PLATT, District Judge. In this case the rent for the month of November, 1904, amounting to $85, was due on the 1st, and should have been paid on or before the 5th. Several demands were made by Mr. Hiller, the lessor, during those days, but the rent was not paid. Mr. Hiller, after the 5th, could have resorted to an action of summary process, and, so far as appears, would have succeeded in regaining possession of the premises. He did not take that course. On the contrary, he continued to demand the rent, and in this condition of affairs the lessee, finding himself financially embarrassed, filed a voluntary petition in bankruptcy, upon which an adjudication was had on November

22d. In due course a trustee was appointed, and the application, upon which it is claimed that the referee acted erroneously, demands that the trustee shall turn over the leased premises to Goldbaum and Rappaport, who, under a tentative agreement, were given leases subsequent to adjudication. The referee has denied the application, and has enjoined Goldbaum and Rappaport from interfering with the trustee, or his assigns, in the possession.

After due deliberation, I shall state my conclusions with reasonable brevity. The trustee takes the premises by operation of law, and the bankrupt has in no sense violated the provisions of the leases by his proceedings. Finding himself unable to pay his debts, he came to the court, as the Congress had given him the right to do. He offered up all his property which was not by law exempt, and asked for a discharge from his obligations. He assigned nothing, transferred nothing, conveyed nothing. Upon his showing, the court took the usual action. That action was a judgment, which, by its own force, instantly passed the title to the bankrupt's property to the trustee to be appointed. The interest of the bankrupt in the leasehold premises was intact, and to the trustee the right of possession passed. Their future disposition will be governed by the best judgment of the trustee, who will act, as all trustees should act, under the advice and guidance of the referee. Up to the time of the adjudication, the facts do not disclose that the lessor showed the lessee, by any decisive and unequivocal act, that he had elected to terminate the lease. Knocking a hole through the brick partition for no other purpose than to reach the only heat supply for the water pipes connected with the other tenants is not such an act. The tentative dealings with Goldbaum and Rappaport occurred after adjudication, and for that reason alone are shorn of all efficacy. In this view of the case, it seems unnecessary to apply any equitable powers to avoid forfeitures. Such powers will be put in operation, however, if in future cases a situation shall arise which invokes their use.

The petitioners are aggrieved by various actions of the referee. I cannot find that anything was done in the matter which warrants the complaint. The petitioners had their day in court, and were afforded every opportunity to present their facts and to apply their view of the law to the facts. The case turns upon facts which are conceded to be indisputable. In his injunctive order, I do not think that the referee exceeded the power which the act confers upon him. It would be a sad state of things, if in such emergencies the referee should be compelled to discover the judge in time to save the situation. The matter in hand was peculiarly within the knowledge of the referee, and the court will, in advance, thank all like officers who shall relieve it from an unnecessary burden.

In all respects the action of the referee is affirmed.